## Magee v. Hutton et al.

*Vendor and vendee—Contract of minor—Abandonment of contract—Failure to ratify—Laches—Clean hands—Equity.*

1. Where a minor contracts to purchase land, but after he becomes of age fails to ratify the contract, and by his conduct shows that he has abandoned it, he cannot enforce it specifically, and this is especially so where it appears that he has been guilty of laches in not promptly enforcing whatever rights he may have had.

2. He who comes into equity must do so with clean hands.

Bill and answer. C. P. Columbia Co., Sept. T., 1923, No. 1, in Equity.

*G. W. Tustin* and *E. J. Mullen*, for plaintiff.

*C. E. Kreisher* and *William C. Johnson*, for defendants.

POTTER, P. J., 17th judicial district, specially presiding March 5, 1924.— From the testimony and the pleadings of the case we arrive at the following

### Findings of facts.

1. That Harry L. Magee, the plaintiff, and William Hutton and Grace Neal Hutton, his wife, entered into a written agreement on Oct. 20, 1921, for the sale and purchase of a lot of ground in the town of Bloomsburg for the sum of $2000, which said Magee promised to pay as follows: $100 upon the execution and delivery of the agreement, which was paid as provided; $300 on Nov. 19, 1921, and the balance, of $1600, on or before July 1, 1922, upon delivery to him of the deed for the said lot.

2. That the said Magee failed to make the second payment of $300 when it was due, although requested so to do by the defendants, as well as the last payment of $1600, nor did he tender them at any time before this suit was brought.

3. That the said Harry L. Magee was a minor when said agreement was executed, but became of age on May 31, 1922.

4. The vendors, being the defendants in this case, were ready and willing up to and including Nov. 19, 1921, to fulfill their part of the contract, and four days before that time reminded the said Magee of his payment of $300 to be due in a few days.

5. That after Nov. 19, 1921, the agreement of Oct. 20, 1921, was, by all the parties to it, treated as null and void.

6. That the value of the said lot has increased since Nov. 19, 1921.

7. That all the parties to the agreement of Oct. 20, 1921, treated the same as null and void, both before and after the said Magee became of age.

8. That since the said Magee became of age, he negotiated with the defendants for the purchase of said lot with the personal property on it for the

price of $2800, a price quite different from that of the agreement of Oct. 20, 1921.

9. That the agreement of Oct. 20, 1921, was a valid contract for the sale of the land described in it, which ordinarily could be ratified or repudiated by the said Magee on his arrival at full age.

10. That the plaintiff and the defendants, after the said Magee had become of full age, met on several occasions to negotiate for the sale and the purchase of this said lot, during which negotiations the agreement of Oct. 20, 1921, was, by all the parties hereto, treated as abandoned.

### Discussion.

It seems that this plaintiff, a few months before becoming of age, entered into a written contract, under date of Oct. 20, 1921, with the defendants for the purchase of a lot of ground, in the agreement described, from them for the consideration of $2000, the sum of $100 to be paid down upon the execution of the agreement, the sum of $300 to be paid on or before Nov. 19, 1921, and the remaining $1600 to be paid on or before July 1, 1922, when a deed was to be delivered to the purchaser.

Magee made the $100 payment, but failed to meet either of the other two. About four days before the second payment, of $300, was due, Hutton reminded him of it, notwithstanding which the payment was not made and no explanation was given for this default. A few days thereafter, Hutton notified Magee that, inasmuch as he had broken the terms of their agreement, he proposed to treat it from that time on as null and void, which he had a perfect right to do. He had a right to expect Magee to meet his payments as he had contracted to do, just as in any other business transaction. No one would for a moment claim that, even though Magee had broken his agreement because of his minority when it was made, Hutton would be obliged to hold this lot for him for an indefinite length of time, lie out of his money, and perhaps lose on the lot when finally sold to some one else. The lot was for sale, and when Magee failed to live up to his contract, Hutton had a right to treat it as ended and look elsewhere for a purchaser.

The minority of Magee is not the case of a minor of tender years, whose estate is liable to become dissipated by designing persons, nor is it a case of improvident expenditures by the minor. As a matter of fact, this young man was within a few months of full age, was the owner and proprietor of a garage, and carried on the business incident to it. Further, he was amply supplied with eminent legal counsel.

From all we can gather in this case, we feel sure that Magee also treated the agreement of Oct. 20, 1921, as null and void. Under date of Nov. 26, 1921, he wrote Hutton a letter, making another and quite different offer for this same lot. This was after Hutton told him that, by reason of his default, the agreement was canceled. Had Magee contemplated enforcing the specific performance of the agreement of Oct. 20, 1921, he should not have abandoned it by attempting to enter into a new contract for a different price.

Then, after he has arrived at full age, he again enters into a third contract for the purchase of this lot for the price of $2800, this embracing some personal property on the lot. Hutton agreed to each of these three offers, but Magee utterly failed to in any way perform his part, except the payment of the initial payment of $100 on the first contract.

Since he abandoned the first contract by entering into a second and even a third one, none of which he kept, how can he attempt to resurrect into life the first contract and enforce the performance of it when he was to blame for the breach of it?

Magee v. Hutton et al.

Had he adhered to his first contract and made no others, his minority would protect him, but even a minor cannot play fast and loose in business affairs.

We have the universally well-known maxim that "he who comes into equity must do so with clean hands," or, as otherwise stated, "he that hath committed iniquity shall not have equity." And to this can be well added that specific performance is a matter of grace and not of right: Brown v. Pitcairn, 148 Pa. 387.

In the case of Meischburger v. Garney, 9 Lacka. Leg. News, 51, Judge Edwards, who is regarded as one of the oldest and most eminent jurists in the State, dismissed a rule to show cause, &c., on the ground that it would not be equitable to allow an infant to ratify his contract and recover on it when he had not performed his part of the agreement which he had entered into when under age. In our judgment, this is almost identical with the case at bar.

We are fully keeping in mind the fact of the minority of the plaintiff when the first and second contracts were made, both of which he broke, and we are also keeping in mind that when the third contract was made, which he also broke, he was of full age. He surely cannot expect performance of a contract that was recognized by all the parties to it as abandoned, null and void, no difference whether he was a minor or not. His minority cannot avail him in this proceeding.

An objection was raised at the hearing when the agreement of Oct. 20, 1921, was offered in evidence because of the fact that it was not stamped with internal revenue stamps. As indicated on the record, we refused to receive it in evidence and sustained the objection. However, it is in the case, being an exhibit, and the court, in its deliberations on this case, has given it the same weight and effect as if it had been received in evidence and the objection overruled.

From our discussion of the legal phase of the case we are led to adopt the following

*Conclusions of law.*

1. That a person, after becoming of age, cannot have specific performance of a written contract entered into by him during his minority, when that contract was broken through his own default and he subsequently treated the contract as abandoned.

2. That Harry L. Magee, the plaintiff, abandoned his written contract with William Hutton and Grace Neal Hutton for the purchase of the lot in question.

3. That Harry L. Magee, the plaintiff, having failed to perform his part of the contract of Oct. 20, 1921, at the time or times as agreed upon, and having failed to pay the said sums of money when the same became due by the terms of said contract, or to tender the payment thereof to the defendants, or to any other person for them, before bringing this action, and he having treated the said agreement as abandoned, it would be inequitable to decree specific performance as prayed for in his bill.

4. That Harry L. Magee was guilty of laches in this case, and that to grant specific performance of the written contract of Oct. 20, 1921, would be unjust and inequitable.

5. That Harry L. Magee, having failed to pay the money when due under the agreement of Oct. 20, 1921, and having failed to make tender of the purchase money when he arrived at full age, and having made no demand upon the defendants to comply with their contract prior to bringing this action, did not give the defendants any notice that he ratified, or intended to ratify, the contract after coming of full age, and, having negotiated to purchase the said lot under a different contract and for a different price after arriving at

Magee *v.* Hutton et al.

full age, he cannot now ask for .the specific performance of a written contract made when a minor, he having abandoned the same.

6. That William Hutton, one of the defendants, pay back to the said Harry L. Magee the $100 paid to him, with interest thereon from the date of payment up to the present time.

7. That the bill be dismissed, at the costs of the plaintiff.

And now, to wit, March 6, 1924, for the reasons given in this opinion, the bill is dismissed, at the costs of the plaintiff.

From R. S. Hemingway, Bloomsburg, Pa.